ORIGINAL

J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:    jsstreet@ip-law-hawaii.com

DANE ANDERSON    9349-0
Attorney At Law, LLLC
2029 Nuuanu Ave, Box #1501
Honolulu, Hawaii  96817
Telephone No.:    (808) 285-4760
E-mail:    dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 3 1 2013
at 4 o'clock and 05 min P. M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>   Plaintiff,<br><br>vs.<br><br>MARILOU LORICA; KAILUA REALTY LTD., a Hawaii Corporation dba CENTURY 21 KAILUA BEACH REALTY; PRUDENTIAL LOCATIONS LLC, a Hawaii Domestic Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>   Defendants. | CIVIL NO. **CV13 00279 SOM BMK**<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"C"; SUMMONS |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR, by his attorneys, J. Stephen Street, Attorney at Law and Dane Anderson, Attorney at Law, LLLC, and for his complaint alleges as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a resident of the State of Hawaii.

2. Upon information and belief, Defendant MARILOU LORICA is a resident of the State of Hawaii and is/was doing business as a realtor agent for CENTURY 21 KAILUA BEACH REALTY, located at 130 Kailua Road, #110, Kailua, Hawaii 96734, with an alternative mailing address at P.O. Box 49, Kailua, Hawaii 96734, and is/was doing business as a realtor agent for PRUDENTIAL LOCATIONS LLC, located at 151 Hekili Street, #120, Kailua, Hawaii 96734.

3. Upon information and belief, Defendant KAILUA REALTY LTD. is a Hawaii corporation, doing business under the trade name CENTURY 21 KAILUA BEACH REALTY, with its principal place of business at 130 Kailua Road, #110A, Kailua, Hawaii 96734.

4. Upon information and belief, Defendant PRUDENTIAL LOCATIONS LLC is a domestic limited liability company registered in the State

of Hawaii with its principal place of business at 614 Kapahulu Avenue Honolulu, Hawaii 96815.

5.  JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff, except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through <u>inter alia</u>, interview of Plaintiff and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

6. This is an action for preliminary and permanent injunctive relief and damages arising from Defendant MARILOU LORICA's, Defendant KAILUA REALTY LTD.'s, and Defendant PRUDENTIAL LOCATIONS LLC's (collectively "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act 17 U.S.C. § 1202(a) and (b).

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

9. Defendant MARILOU LORICA is/was a realtor agent for CENTURY 21 KAILUA BEACH REALTY and is/was a realtor agent for PRUDENTIAL LOCATIONS LLC at the time of the alleged copyright infringements; manages and controls a commercial website at http://www.alohaislandhomes.com to promote and advertise her services as a realtor agent for CENTURY 21 KAILUA BEACH REALTY and, subsequently, PRUDENTIAL LOCATIONS LLC; and, lists CENTURY 21 KAILUA BEACH

REALTY and, subsequently, PRUDENTIAL LOCATIONS LLC on her commercial website as the place of contact for her business as a realtor agent.

10. The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographs at issue are duly registered with the United States Copyright Office.

11. The four photographic works, image nos.: "A-12-B Lanikai-girl"; "A-15 Secluded Falls"; "A-20 Surfer at Twilight"; and, "O-08 Waikiki from the Top of Diamondhead" at issue in this case were created by photographer Plaintiff Vincent Khoury Tylor, who owns the copyrights to the works. The copyrights for the photographic works at issue were registered with the United States Copyright Office as <u>VA 1-696-555</u> in the name of Vincent Khoury Tylor, effective December 17, 2009, and supplemented by <u>VA 1-432-741</u>. Plaintiff has exclusive rights and privileges in the photographic works under the United States Copyright Act. True and correct copies of the Certificate of Registration which relates to each photographic work at issue is attached hereto as Exhibit "A."

12. In mid-2011, Plaintiff learned that Defendants were using the photographic works at issue, a total of eight (8) times within a rotating slide show, four (4) times in black-and-white and four (4) times in color, on Defendants' said commercial website at:

5

Page URL:  http://www.alohaislandhomes.com
Image URL:  http://www.alohaislandhomes.com/files/images/13329/misc/flash.jpg

Said photographic works were used without obtaining licenses or consent from Plaintiff, thus violating the exclusive rights of the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et. seq. True and correct copies of the photographic works registered by Plaintiff and used without permission by Defendants on their commercial website are attached hereto as Exhibit "B". True and correct copies of screenshots of Defendants' infringing uses of the photographic works on Defendants' commercial website are attached as Exhibit "C".

13. None of the said photographic works was a "work for hire."

14. Plaintiff incurred substantial time and expense in creating the photographic works at issue and invested substantial time and expense in marketing the licensing of said photographic works.

15. Each of Plaintiff's copyrighted photographic works at issue, where they are legitimately available, bear Plaintiff's copyright management information in the form of a "Vincent K. Tylor" signature at the bottom, right corner of each photographic work.

16. Upon information and belief, Defendants intentionally removed or altered Plaintiff's copyright management information from the photographic works at issue for Defendants' uses of those photographic works without the

authority of Plaintiff or the law because Defendants' uses contained copies of the photographic works at issue with the said copyright management information digitally cropped. Additionally, Defendants have associated their own false copyright management information, centered at the bottom of their said commercial website, with the photographic works at issue. Because Defendants' said website contains a copy of the photographic works at issue in high resolution without Plaintiff's copyright management information, and are instead associated with false copyright management information, Plaintiff has been injured in his ability to license the photographic works at issue. A true and correct copy of each of Plaintiff's photographic works containing the copyright management information is shown in Exhibit "B." A true and correct copy of each of Defendants' uses of the photographic works at issue with the copyright management information cropped and associated with false copyright management information is shown in Exhibit "C."

17. Upon information and belief, Defendant KAILUA REALTY LTD. is liable for Defendant MARILOU LORICA's infringing activity, removal of copyright management information associated with the photographic works at issue, and/or association of false copyright management information with the photographic works at issue because Defendant KAILUA REALTY LTD., as the principal of agent Defendant MARILOU LORICA, enjoys or enjoyed a direct

financial benefit from, and has/had the right and ability to supervise or control, the infringing activity and/or removal of copyright management information associated with the photographic works at issue and/or association of false copyright management information with the photographic works at issue.

  18. Upon information and belief, Defendant PRUDENTIAL LOCATIONS LLC is liable for Defendant MARILOU LORICA's infringing activity, removal of copyright management information associated with the photographic works at issue, and/or association of false copyright management information with the photographic works at issue because Defendant PRUDENTIAL LOCATIONS LLC, as the principal of agent Defendant MARILOU LORICA, enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and/or removal of copyright management information associated with the photographic works at issue and/or association of false copyright management information with the photographic works at issue.

  19. By letter of November 16, 2011, Plaintiff gave notice to Defendants MARILOU LORICA and KAILUA REALTY, LTD. of the copyright infringements and Digital Millennium Copyright Act violations. Plaintiff attempted to resolve these claims with Defendant MARILOU LORICA for the past and ongoing use of the photographic works in violation of Plaintiff's copyrights,

requesting that Defendants pay a retroactive licensing fee for the photographic works at issue used on the website, and that Defendants immediately cease and desist from using any of Plaintiff's copyrighted photographic works, and that Defendants provide written assurances that the copyrighted photographic works were removed from Defendants' website.

20. Plaintiff's counsel and Defendant MARILOU LORICA had communications discussing the nature and duration of the copyrights, including assurances from Defendant MARILOU LORICA that the images would be removed from the website.

21. After the communications with Defendants MARILOU LORICA and KAILUA REALTY, LTD., MARILOU LORICA affiliated with Defendant PRUDENTIAL LOCATIONS, LLC. Despite the notice to Defendants and the communications with Defendant MARILOU LORICA, Defendants continue to use all of the photographic works at issue in the same manner on their commercial website, committing willful infringement of the photographic works at issue.

22. Plaintiff and Defendants were unable to resolve this matter, thus necessitating legal action to prevent further infringing use of the photographic works at issue.

## FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENT

9

23. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-22 as if fully stated herein.

24. Plaintiff has all rights, title, and interest in the copyrights to the photographic works at issue as holder of the copyrights, the use of which has not been licensed to Defendants.

25. Defendants have misappropriated Plaintiff's copyrighted photographic works and continue to engage in unauthorized use and copying of Plaintiff's photographic works by using them at Defendants' website. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

26. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

27. Defendants' unlawful use of copies of Plaintiff's original photographic works without license have diminished the value of the original photographic works by diluting the market and destroying the distinctiveness of the photographic works and their identity as being the exclusive property of Plaintiff.

28. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic

works, thereby impairing the value and prejudicing the sale by Plaintiff of his own photographic works.

29. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

30. Defendants, by their unauthorized appropriation and continued use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

31. Because Defendants used and continue to use Plaintiff's copyrighted photographic works without license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

32. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

33. Plaintiff is entitled to recover from Defendants the damages he has sustained as a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' willful acts of copyright infringement.

34. Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their willful acts of copyright infringement.

35. Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their past and/or continuing willful violations of Plaintiff's copyrights.

36. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION: DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

37. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-36 as if fully stated herein.

38. Defendants have intentionally removed copyright management information from association with the photographic works used on Defendants' said website and, in addition, associated their own false copyright management information with the photographic works at issue, without the authority of Plaintiff or the law, and knowing, or having reasonable grounds to know, that the removal

or false association would induce, enable, facilitate, or conceal infringement of copyright.

39. Defendants' acts constitute a violation under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a) and (b).

40. Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202(a) and (b).

41. Plaintiff is entitled to recover from Defendants the actual damages suffered by Plaintiff and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

42. Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their past and/or continuing violations of 17 U.S.C. § 1202(a) and (b).

43. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A.  That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.  That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the image, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.  That Defendants be required to pay such damages as Plaintiff has sustained and any profits Defendants have gained in consequence of Defendants' unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D.  That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

E.  That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, _____5 - 31_____, 2013.

*J. Stephen Street* (signature)
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT K. TYLOR