Of Counsel:

BAYS LUNG ROSE & HOLMA

CRYSTAL K. ROSE
*crose@legalhawaii.com*
Attorney at Law
A Law Corporation
SARAH M. LOVE            8582-0
*slove@legalhawaii.com*
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii  96813
Telephone:  (808) 523-9000
Facsimile:  (808) 533-4184

Attorneys for Defendant
Marilou Lorica

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>     Plaintiff,<br><br>  vs.<br><br>MARILOU LORICA; KAILUA REALTY LTD., a Hawaii Corporation dba CENTURY 21 KAILUA BEACH REALTY; PRUDENTIAL LOCATIONS LLC, a Hawaii Domestic Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>     Defendants. | ) CASE NO. CV13-00279 SOM/BMK<br>) (Copyright Infringement)<br>)<br>) DEFENDANT MARILOU<br>) LORICA'S ANSWER TO<br>) COMPLAINT FILED ON MAY 31,<br>) 2013; DEMAND FOR JURY TRIAL;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MARILOU LORICA'S**
**ANSWER TO COMPLAINT FILED ON MAY 31, 2013**

Defendant Marilou Lorica ("Lorica"), by and through her attorneys, Bays Lung Rose & Holma, answers Plaintiff Vincent Khoury Tylor's ("Plaintiff") Complaint filed herein on May 31, 2013 (the "Complaint") as follows:

FIRST DEFENSE

1.      The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

1.      Lorica admits the allegations contained in paragraphs 2, 7 and 8 of the Complaint.

2.      Lorica denies the allegations contained in paragraphs 15, 19, 20, 21, 22, and 26 of the Complaint.

3.      Lorica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, 5, 13, 14, and 24 of the Complaint and therefore denies the same.

4.      The allegations contained in paragraphs 10, 11, 17, 18, 29, 32, 33, 35, 36, 39, 40, 42, and 43 of the Complaint call for legal conclusions to which no response by Lorica is required.  To the extent that any response is required, Lorica denies the same.

5.     With respect to paragraph 6 of the Complaint, Lorica admits that the Complaint purports to be a Complaint for preliminary and injunctive relief and damages stemming from alleged violations of the United States Copyright Act under 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act under 17 U.S.C. § 1202(a) and (b).  Lorica, however, denies that she has violated either the United States Copyright Act or the Digital Millennium Act.

6.     With respect to paragraph 9 of the Complaint, Lorica admits that she was in the past a realtor for Century 21 Kailua Beach Realty and is currently a realtor with Prudential Locations LLC; Lorica also admits that she is the owner of the website http://www.alohaislandhomes.com which listed Lorica as a realtor with Century 21 Kailua Beach Realty and then subsequently a realtor with Prudential Locations LLC; Lorica denies all other allegations within paragraph 9.

7.     With respect to paragraph 12 of the Complaint, Lorica admits that the screen shots depicted in Exhibit "C" to the Complaint appear to have been taken from Lorica's website, denies that the photographs were used in the same form as those depicted in Exhibit "B", denies that Lorica's use of the photos was without express or implied consent or was an infringement of Plaintiff's rights, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 12 of the Complaint and therefore denies the same.

268315-1

8.     Lorica denies the allegations in paragraph 16 of the Complaint. Lorica did not intentionally remove or alter any copyright management information from the photographs.  The photographs, which were downloaded from a free website, did not contain such information and/or the information was not intentionally altered by Lorica.  Additionally, Lorica did not place false copyright management information on any image.

9.     With respect to paragraph 25 of the Complaint, Lorica denies she misappropriated the photographic works or that her actions constitute willful infringement.  The remaining allegations of paragraph 25 call for legal conclusions to which no response by Lorica is required.  To the extent that any response is required, Lorica denies the same.

10.     With respect to paragraphs 27 and 28 of the Complaint, Lorica denies any unlawful conduct.  With respect to the remaining allegations, Lorica is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs and therefore denies the same.

11.     With respect to paragraph 30 of the Complaint, Lorica denies the allegations of unauthorized appropriation and continued use of the photographic works.  The remaining allegations of paragraph 30 call for legal conclusions to which no response by Lorica is required.  To the extent that any response is required, Lorica denies the same.

12.     With respect to paragraph 31 of the Complaint, Lorica denies any continued use of the photographic works and any implication of infringement without a license.  The remaining allegations of paragraph 31 call for legal conclusions to which no response by Lorica is required.  To the extent that any response is required, Lorica denies the same.

13.     With respect to paragraph 38 of the Complaint, Lorica did not intentionally remove or alter any copyright management information from the photographs.  The photographs, which were downloaded from a free website, did not contain such information and/or the information was not intentionally altered by Lorica.  Additionally, Lorica did not place false copyright management information on any image.  The remaining allegations of paragraph 38 call for legal conclusions to which no response by Lorica is required.  To the extent that any response is required, Lorica denies the same.

14.     With respect to paragraphs 34 and 41 of the Complaint, Lorica did not receive any profits, gains or advantages from the website.  The remaining allegations of paragraphs 34 and 41 call for legal conclusions to which no response by Lorica is required.  To the extent that any response is required, Lorica denies the same.

268315-1

15.     With respect to the allegations in paragraphs 23 and 37 of the Complaint, Lorica repeats and realleges paragraphs 2 through 14 of this Answer, and incorporates them herein by reference.

16.     Lorica denies each and every allegation contained in the Complaint which is not expressly admitted herein.

### THIRD DEFENSE

17.     Plaintiff's Complaint, and each claim alleged therein, is barred because Plaintiff has not suffered any harm as a result of the conduct of Lorica.

### FOURTH DEFENSE

18.     Plaintiff is barred from maintaining this action against Defendant by reason of his own negligence or other wrongful conduct which caused the injuries alleged in the Complaint.

### FIFTH DEFENSE

19.     Plaintiff is barred from maintaining this action against Defendant by reason of Plaintiff's own voluntary assumption of a known risk.

### SIXTH DEFENSE

20.     Lorica alleges that the claims in the Complaint were caused, if at all, by other persons or entities not named in the Complaint.

## SEVENTH DEFENSE

21.     Plaintiff is barred from maintaining this action against Lorica based upon the applicable Statute of Limitations.

## EIGHTH DEFENSE

22.     Plaintiff is barred from maintaining this action to do lack of copyright registration or fatally defective copyright registration.  To the extent that the copyright registration relied upon by Plaintiff are inapplicable or fatally defective, this Court lacks jurisdiction over the subject matter of this action.

## NINTH DEFENSE

23.     Plaintiff is barred from maintaining this action based upon abandonment of any copyright inherent in the subject photographs and/or that the photographs are in the public domain.

## TENTH DEFENSE

24.     Plaintiff is barred from maintaining this action because the allegedly protectable interests of Plaintiff are generic, are in the public domain, and/or are standard in the relevant industry.

## ELEVENTH DEFENSE

25.     If Plaintiff was injured or damaged as alleged in the Complaint, such injuries or damages were proximately caused by acts or omissions of Plaintiff

7

and/or his agents, or others outside of the control of Lorica, and not by the acts or omissions of Lorica.

## TWELFTH DEFENSE

26.     Plaintiff is barred from maintaining this action due to the defenses of unconscionability, illegality, mistake, entrapment, enticement, bad faith and honeypotting.

## THIRTEENTH DEFENSE

27.     Plaintiff's claims for relief are barred by express or implied license.

## FOURTEENTH DEFENSE

28.     Plaintiff is barred from maintaining this action based upon the doctrine of comparative negligence.

## FIFTEENTH DEFENSE

29.     Plaintiff is barred from maintaining this action based upon the omission and/or improper use of copyright notice and misuse of copyright.

## SIXTEENTH DEFENSE

30.     Plaintiff is barred from maintaining this action because Plaintiff has not complied with the statutory formalities of either the Copyright Act of 1909 or the Copyright Act of 1976, 17 United States Code § 101, et seq.

## SEVENTEENTH DEFENSE

31.     Plaintiff's claims for damages and attorneys' fees under copyright law are barred, in whole or in part, by the commencement rule under § 412(1)(2) of the Copyright Act of 1976, 17 United States Code.

## EIGHTEENTH DEFENSE

32.     Plaintiff is barred from maintaining this action based upon the doctrine of estoppels.

## NINETEENTH DEFENSE

33.     Plaintiff is barred from maintaining this action due to his own unclean hands.

## TWENTIETH DEFENSE

34.     Plaintiff is barred from maintaining this action due to release, abandonment, acquiescence, waiver and/or express or implied consent.

## TWENTY-FIRST DEFENSE

35.     Plaintiff is barred from maintaining this action against Lorica based upon the doctrine of laches.

## TWENTY-SECOND DEFENSE

36.     Plaintiff failed to mitigate his damages and accordingly may be barred, in whole or in part, from recovery herein.

268315-1

## TWENTY-THIRD DEFENSE

37.    Plaintiff is barred from maintaining this action as it is against public policy.

## TWENTY-FOURTH DEFENSE

38.    Plaintiff has an adequate remedy at law and injunctive relief is not warranted in the circumstances of this case.

## TWENTY-FIFTH DEFENSE

39.    Lorica gives notice that she reserves the right to raise the defenses of fair use and/or *de minimus* infringement.

## TWENTY-SIXTH DEFENSE

40.    Lorica gives notice that she reserves the right to raise the defense of innocent intent.

## TWENTY-SEVENTH DEFENSE

41.    Lorica gives notice that she reserves the right to raise any and all other affirmative defenses permitted under Federal Rules of Civil Procedure Rule 8(c) not specifically plead hereinabove, the applicability of which may be disclosed after further investigation and discovery.

DATED:  Honolulu, Hawaii, September 23, 2013.

/s/  Sarah M. Love
CRYSTAL K. ROSE
SARAH M. LOVE

Attorneys for Defendant Marilou Lorica

268315-1