GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

PATRICIA M. NAPIER          3735-0
    pnapier@goodsill.com
RANDALL C. WHATTOFF         9487-0
    rwhattoff@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
PRUDENTIAL LOCATIONS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MARILOU LORICA; KAILUA REALTY LTD., a Hawaii Corporation dba CENTURY 21 KAILUA BEACH REALTY; PRUDENTIAL LOCATIONS LLC, a Hawaii Domestic Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>　　　　　　Defendants. | CV13 00279 SOM BMK<br>(Copyright Infringement)<br><br>DEFENDANT PRUDENTIAL LOCATIONS LLC'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS, FILED MAY 31, 2013; CERTIFICATE OF SERVICE |

# DEFENDANT PRUDENTIAL LOCATIONS LLC'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS, FILED MAY 31, 2013

Defendant Prudential Locations LLC ("Prudential") answers Plaintiff Vincent Khoury Tylor's ("Plaintiff") Complaint for Copyright Infringement and Digital Millennium Copyright Act Violations, filed on May 31, 2013 ("Complaint"), as follows:

## PARTIES

1. In response to paragraphs 1, 3, 5, 10-15, 17, 19-20, and 24 of the Complaint, Prudential is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

2. In response to paragraph 2 of the Complaint, Prudential admits that Prudential and Marilou Lorica are parties to an "Independent Contractor Agreement" dated November 29, 2012 that, together with certain other documents, governs the relationship between Ms. Lorica and Prudential. Prudential further admits that it has an office located at 151 Hekili Street, #120, Kailua, Hawai'i 96734. Prudential is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph, and on that basis the allegations are denied.

3. Prudential admits the allegations in paragraphs 4, 7, and 8 of the Complaint.

4. In response to paragraph 6, Prudential admits that the Complaint purports to be for copyright infringement and for violations of 17 U.S.C. § 1202(a) and (b). Prudential denies the remaining allegations to the extent they relate or pertain to Prudential. To extent Plaintiff's allegations relate or pertain to other Defendants, Prudential is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis the allegations are denied.

5. In response to paragraph 9 of the Complaint, Prudential admits that Prudential and Ms. Lorica are parties to an "Independent Contractor Agreement" dated November 29, 2012 that, together with certain other documents, governs the relationship between Ms. Lorica and Prudential. Prudential is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph, and on that basis the allegations are denied.

6. Prudential denies the allegations contained in paragraphs 16, 22, 25-36, 38-43, and A-E to the extent they relate or pertain to Prudential. To extent Plaintiff's allegations relate or pertain to other Defendants, Prudential is

without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis the allegations are denied.

7. Prudential denies the allegations contained in paragraph 18.

8. In response to paragraph 21 of the Complaint, Prudential admits that Prudential and Ms. Lorica are parties to an "Independent Contractor Agreement" dated November 29, 2012 that, together with certain other documents, governs the relationship between Ms. Lorica and Prudential. Prudential denies the remaining allegations to the extent they relate or pertain to Prudential. To extent Plaintiff's allegations relate or pertain to other Defendants, Prudential is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis the allegations are denied.

9. In response to paragraph 23 the Complaint, Prudential repeats and realleges its answers to paragraphs 1-22.

10. In response to paragraph 37 the Complaint, Prudential repeats and realleges its answers to paragraphs 1-36.

11. Prudential denies all allegations of the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim against Prudential upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Plead With Sufficient Specificity)

The Complaint fails to plead with sufficient specificity the allegations against Prudential. In particular, Plaintiff has failed to plead facts sufficient to establish a *prima facie* case for vicarious liability.

## THIRD AFFIRMATIVE DEFENSE
### (No Harm or Damages)

The Complaint, and each claim alleged therein, is barred because Plaintiff has not suffered any harm or damages as a result of the conduct of Prudential.

## FOURTH AFFIRMATIVE DEFENSE
### (Contributory Negligence or Fault)

If Plaintiff suffered any of the injuries and/or damages as alleged in the Complaint, such injuries and/or damages were caused in whole or in part or were contributed to by the negligence or fault of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Plaintiff's Wrongful Conduct)

Upon information and belief, Plaintiff is barred from maintaining this action against Prudential by reason of his own wrongful conduct, which caused the injuries alleged in the Complaint to the extent any were actually suffered by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Upon information and belief, Plaintiff is barred from maintaining this action against Prudential because of the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Bad Faith)

Upon information and belief, Plaintiffs are barred from obtaining any of the relief they seek herein by the defense of comparative bad faith.

## EIGHTH AFFIRMATIVE DEFENSE
### (Acts of Others)

Upon information and belief, Plaintiff's injuries and/or damages, if any, were proximately caused by acts or omissions of Plaintiff and/or its affiliates, or others outside the control of Prudential, and not by the acts or omissions of Prudential.

## NINTH AFFIRMATIVE DEFENSE
### (Indispensable Party)

Upon information and belief, Plaintiffs have failed to join parties that are indispensable under Rule 19 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Upon information and belief, Plaintiff's claims are subject to a defense of fair use.

## ELEVENTH AFFIRMATIVE DEFENSE
### (*De Minimus* Infringement)

Upon information and belief, Plaintiff's claims are subject to a defense of *de minimus* infringement.

## TWELFTH AFFIRMATIVE DEFENSE
### (Defective Copyright Registration)

Upon information and belief, the registrations of the copyrights at issue herein are inapplicable or defective. To the extent that the copyright registrations relied upon by Plaintiffs are inapplicable or defective, this Court lacks jurisdiction over the subject matter of this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Abandonment and/or Public Domain)

Upon information and belief, Plaintiff abandoned any copyright inhering in the subject photographs and/or the subject photographs are in the public domain.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

Upon information and belief, Plaintiff is barred from maintaining this action against Prudential because of the doctrine of misuse of copyright.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Copyright Unenforceability (Waiver, Estoppel, Laches))

Upon information and belief, Plaintiff's purported copyrights are unenforceable because of waiver, estoppel, abandonment, laches, or other acts or conduct of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement/Innocent Intent)

To the extent that there was any copyright infringement or violation of 17 U.S.C. § 1202, such infringement or violation was innocent and done without knowledge.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Commencement Rule/17 U.S.C. § 412)

Upon information and believe, Plaintiff's claims for damages and attorneys' fees are barred by the commencement rule under 17 U.S.C. § 412.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Consent)

Upon information and belief, Plaintiff's claims are barred because Plaintiff consented to the use of Plaintiff's works.

### NINETEENTH AFFIRMATIVE DEFENSE
### (License or Implied License)

Upon information and belief, Plaintiff's claims are barred because Plaintiff impliedly licensed the works to Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Entrapment, Enticement, and/or Honey-potting)

Upon information and belief, Plaintiff's claims are barred because Plaintiff's actions amount to entrapment, enticement and/or honey-potting.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Upon information and belief, Plaintiff failed to mitigate his damages and accordingly may be barred, in whole or in part, from recovery herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations or *Laches*)

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or the applicable statute of limitations.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Prudential reserves the right to assert additional defenses that may be revealed through investigation, discovery, and or trial. In particular, Prudential notes that: (1) the Complaint is couched in conclusory terms, and therefore Prudential cannot fully anticipate all affirmative defenses that may be available to it in this action; and (2) Prudential is still in the process of investigating Plaintiff's claims and Prudential's defenses. Prudential therefore reserves the right to assert additional defenses if and when it discovers such affirmative defenses are applicable.

WHEREFORE, Prudential requests that:

A.  The Complaint be dismissed with prejudice;

B.  Prudential be awarded its costs, expenses, and attorneys' fees;

C.  Prudential have such other and further relief as this Court deems just and equitable.

DATED: Honolulu, Hawaii, September 25, 2013.

        /s/ Randall C. Whattoff
        PATRICIA M. NAPIER
        RANDALL C. WHATTOFF

        Attorneys for Defendant
        PRUDENTIAL LOCATIONS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>                Plaintiff,<br><br>  vs.<br><br>MARILOU LORICA; KAILUA REALTY LTD., a Hawaii Corporation dba CENTURY 21 KAILUA BEACH REALTY; PRUDENTIAL LOCATIONS LLC, a Hawaii Domestic Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>                Defendants. | CV13 00279 SOM BMK<br>(Copyright Infringement)<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document

was served on the following on the date noted below:

4517622.2

**Served Electronically through CM/ECF**

| | |
|---|---|
| J. Stephen Street, Esq. | jsstreet@ip-law-hawaii.com |
| 134 Maono Place | |
| Honolulu, Hawaiʻi 96821 | |

| | |
|---|---|
| Dane Anderson, Esq. | dane@andersonlawhawaii.com |
| 2029 Nuuanu Avenue, Box #15010 | |
| Honolulu, Hawaiʻi 96817 | |

Attorneys for Plaintiff

| | |
|---|---|
| Crystal K. Rose, Esq. | crose@legalhawaii.com |
| Sarah M. Love, Esq. | slove@legalhawaii.com |
| Bays Lung Rose & Holmes | |
| 700 Bishop Street, Suite 900 | |
| Honolulu, Hawaii 96813 | |

Attorney for Marilou Lorica

| | |
|---|---|
| Roy F. Hughes | rhughes@hra-hi.com |
| Hughes Richards & Associates | |
| 2525 Pauahi Tower | |
| 1003 Bishop Street | |
| Honolulu, Hawaii 96813 | |

Attorney for Defendant
Kailua Realty Ltd., dba Century 21 Kailua Beach Realty

DATED: Honolulu, Hawaii, September 25, 2013.

        /s/ Randall C. Whattoff
        PATRICIA M. NAPIER
        RANDALL C. WHATTOFF

        Attorneys for Defendant
        PRUDENTIAL LOCATIONS LLC